**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-14150-CIV-MAYNARD[1]**

**STEPHEN P. YOUNG,**

**Plaintiff,**

**v.**

**JHZ HOLDINGS, LLC, *et al.*,**

**Defendants.**
_________________________________________/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before me upon a *sua sponte* review of the record. Plaintiff has not taken affirmative steps to continue prosecuting his claims nor timely complied with my prior Orders cautioning that failure to comply could result in dismissal. DE 12, DE 13. I thus recommend that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court Orders and failure to prosecute.

On May 4, 2026, Plaintiff began this case by filing a Complaint against multiple Defendants and tied to four parcels of real property allegedly taken by fraudulent means and through tainted court proceedings. DE 1.

On May 12, 2026, I issued an Order denying Plaintiff's IFP motion based on his reported financial resources. DE 12. This Order gave Plaintiff until June 8, 2026, to pay the Court's filing fee and cautioned that "**failure to comply with this Order may result in this action being**

[1] This non-prisoner *pro se* civil case was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order ("AO") 2025-11. *See* AO 2025-11 (S.D. Fla. Mar. 3, 2025), available at: https://www.flsd.uscourts. gov/sites/flsd/files/adminorders/2025-11.pdf. Based on the circumstances of this particular case, I am issuing a Report and Recommendation and will simultaneously issue a separate order directing the Clerk to randomly reassign this case to a United States District Judge of this Court.

**dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.**" *Id.* (emphasis in original). This deadline passed with no activity by Plaintiff. On June 11, 2026, I issued a second Order noting the missed deadline and *sua sponte* extending the deadline to June 25, 2026, and again cautioning that failure to comply could result in dismissal without further notice. DE 13.

Under Federal Rule of Civil Procedure 41: "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b); *see also McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (noting that the "decision to dismiss for want of prosecution lies within the trial court's discretion"). The Eleventh Circuit has made clear that a district court may *sua sponte* dismiss a case for lack of prosecution based on its own "inherent power to manage its docket." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Dismissal *with prejudice* for failure to prosecute "is a sanction of last resort that is to be utilized only in extreme situations" and it "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mut. Prot. and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995); *see also Betty K*, 432 F.3d at 1337–38 (holding that dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice). In contrast, a dismissal *without prejudice* is not an adjudication on the merits and, therefore, courts are afforded greater discretion in dismissing claims in this manner. *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

Nearly three months have passed since Plaintiff filed his original Complaint. Prior Court Orders provided Plaintiff with clear guidance and ample opportunity to continue prosecuting this case. Plaintiff was given fair warning that his failure to pay the filing fee could lead to this case being dismissed without further notice. It appears that Plaintiff does not intend to pursue his claims. However, because there is no clear record of delay or contumacious conduct, dismissal without prejudice for failure to prosecute is the appropriate course. *See, e.g.*, *Riddell v. Florida*, 702 F. App'x 869, 871–72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order directing him to show cause why the case should not be dismissed following his failure to respond to a motion to dismiss). This dismissal would not act as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b) (providing that dismissal for failure to prosecute, or for failure to comply with the Federal Rules or a court order, operates as an adjudication on the merits "[u]nless the dismissal order states otherwise").

## RECOMMENDATION

Based on the foregoing, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court Orders and failure to prosecute.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge. *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a). Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th

Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

The Clerk is directed to **MAIL** a copy of this Order to Plaintiff at the address listed below and enter a Notice of Compliance confirming the same.

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 21st day of July, 2026.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE

**Copy via U.S. Mail:**
Stephen P. Young, *pro se*
819 S Eucalyptus St
Sebring, FL 33870